STRINGER, Judge.
Murray pleaded guilty to a trafficking in cocaine charge in exchange for a sentenc *124 ing cap of the three-year minimum mandatory if applicable, or in the alternative, the bottom of the guidelines, 21.15 months in prison. Murray preserved his right to appeal the imposition of the three-year minimum mandatory sentence, arguing prior to sentencing that based on this court’s opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002), he could not receive the minimum mandatory term for his offense committed on April 9, 2002. We agree.
Taylor held that chapter 99-188, Laws of Florida, which provided for the imposition of minimum mandatory prison sentences for certain drug offenses, is unconstitutional because it violated the single subject rule of the Florida Constitution. 818 So.2d 544. In 2002, the Florida Legislature separately reenacted the provisions originally contained in chapter 99-188 as chapters 02-208 through 02-212, Laws of Florida. See Green v. State, 839 So.2d 748, 750 (Fla. 2d DCA 2003), review granted, Franklin v. State, 854 So.2d 659 (Fla.2003). However, in Green, this court held that the reenacted sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the U.S. and Florida Constitutions.
The window period for asserting challenges based on the unconstitutionality of chapter 99-188 opened on July 1,1999, and closed on April 29, 2002, the effective date of chapters 02-208 through 02-212. See id. Because Murray committed his offense on April 9, 2002, within the Taylor window, we reverse his sentence and remand for resentencing to 21.15 months in prison, consistent with Murray’s plea agreement. As to Taylor, we certify that this decision conflicts with the Third District’s decision in State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA 2003), review granted, No. SC03-413 (Fla. Sept. 19, 2003). As to Green, we certify that this decision conflicts with the Fifth and Fourth Districts’ decisions in Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002); Carlson v. State, 27 Fla. L. Weekly D2162 (Fla. 5th DCA Oct.4, 2002); and Nieves v. State, 833 So.2d 190 (Fla. 4th DCA 2002).
Reversed and remanded.
NORTHCUTT and CANADY, JJ., Concur.